UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-14036-CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEREMY ISIAH WILSON,

    Defendant.
_____/

```
FILED by _____ D.C.
MAY - 2 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE
```

## REPORT AND RECOMMENDATION ON DEFENDANT'S ADMISSIONS TO VIOLATIONS AS SET FORTH IN THE PETITION ALLEGING VIOLATIONS OF SUPERVISED RELEASE

**THIS CAUSE** having come on for a Detention Hearing on May 2, 2017, in respect to the pending Petition Alleging Violations of Supervised Release [D.E. 101]. This Court conducted a Detention Hearing and granted a bond in this matter. At that hearing, counsel for the Defendant stated that the Defendant also wished to admit the violations pending on this date instead of waiting until May 5, 2017, when the preliminary and final hearings in this matter were scheduled before this Court. Therefore, this Court recommends to the District Court as follows:

1. The Defendant appeared before this Court on May 2, 2017 in respect to the Petition Alleging Violations of Supervised Release [D.E. 101] which alleges the following violations:

| | |
|---|---|
| **Violation Number 1** | **Violation of Standard Condition**, by failing to submit a truthful and complete written monthly report within the first five days of each month. The defendant failed to submit monthly supervision reports for the months of January thru March 2017. |
| **Violation Number 2** | **Violation of Standard Condition**, by failing to follow the instructions of the United States Probation Officer. On or about March 14, 2017, |

|  | the defendant was instructed to report to the United States Probation Office on March 22, 2017. Subsequently, the defendant has failed to report as instructed. |
|---|---|
| **Violation Number 3** | **Violation of Special Condition**, by failing to participate in Moral Reconation Therapy. On or about January 31, 2017, the defendant failed to attend the Moral Reconation Therapy program, and to date has not satisfactorily participated in treatment as directed. |

2. This Court had previously scheduled a preliminary hearing and final hearing for May 5, 2017. However, at the conclusion of the Detention Hearing, counsel for the Defendant announced to this Court that the Defendant wished to admit Violations Numbers 1, 2 and 3, inclusive, as set forth in the Petition [D.E. 101]. This Court questioned the Defendant on the record and made certain that he understood his rights in regards to an evidentiary hearing in respect to the alleged violations. Further, the Defendant acknowledged that he understood his rights in that regard and further understands that all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

3. Counsel for the parties agreed that the Court could take judicial notice of the facts set forth in the Petition Alleging Violations of Supervised Release [D.E. 101] and the Memorandum from U. S. Probation Officer John Minelli to Judge Martinez dated April 13, 2017 which sets forth the essential elements of the violations to which the Defendant is admitting. This Court will take judicial notice of the facts set forth in the Memorandum and finds that it sets forth a sufficient factual basis to support the Defendant's admissions to Violations Numbers 1, 2 and 3 as set forth in the Petition.

4. The possible maximum penalties which the Defendant was facing were read into the record by the government and the Defendant stated that he understood those penalties.

**ACCORDINGLY**, based upon the Defendant's admissions to Violations Numbers 1, 2 and 3 inclusive, of the Petition [D.E. 101] under oath, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to Violations Numbers 1, 2 and 3 inclusive, as set forth in the Petition and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this _____ day of May, 2017, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
AUSA Theodore M. Cooperstein
AFPD Panayotta Augustin-Birch
U. S. Probation (USPO John Minelli)