UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-14036-CR-MARTINEZ/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEREMY ISIAH WILSON,

    Defendant.
_____/

FILED by _____ D.C.

NOV 08 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON FINAL EVIDENTIARY HEARING

**THIS CAUSE** having come before the Court for a final hearing on November 7, 2018 with respect to the Petition for Warrant or Summons for Offender under Supervision (the "Petition"), and this Court having convened a hearing, recommends to the District Court as follows:

1. Defendant appeared before this Court on November 7, 2018 for a final hearing on the Petition, which alleges the following violations of supervised release:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about December 12, 2017, in Palm Beach County, Florida, the defendant committed the offense of Driving while D/L suspended, revoked, cancelled with knowledge, contrary to Florida Statute 322.34(2). |
| **Violation Number 2** | **Violation of Standard Condition**, by failing to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. On or about December 12, 2017, the defendant was issued a notice to appear by Officer Yacinthe of the Palm Beach Gardens Police Department, and he failed to advise the U.S. Probation Officer. |

**Violation Number 3**  **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about February 25, 2018, in Broward County, Florida, the defendant committed the offense of Driving while license suspended, revoked, or cancelled with knowledge, contrary to Florida Statute 322.34(2).

**Violation Number 4**  **Violation of Standard Condition**, by failing to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. On or about February 25, 2018, the defendant was issued a notice to appear by Deputy Halleran of the Broward County Sheriff's Office, and he failed to advise the U.S. Probation Officer.

**Violation Number 5**  **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about March 16, 2018, in Broward County, Florida, the defendant committed the offense of Driving while license suspended, revoked, or cancelled with knowledge, contrary to Florida Statute 322.34(2).

**Violation Number 6**  **Violation of Standard Condition**, by failing to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. On or about March 16, 2018, the defendant was issued a notice to appear by Deputy Cortes of the Broward County Sheriff's Office, and he failed to advise the U.S. Probation Officer.

**Violation Number 7**  **Violation of Standard Condition**, by failing to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. On or about April 24, 2018, the defendant was issued a citation by Deputy Mitchell of the Palm Beach County Sheriff's Office, and he failed to advise the U.S. Probation Officer.

**Violation Number 8**  **Violation of Standard Condition**, by failing to follow the instructions of the probation officer. On August 13, 2018, the defendant failed to report to the probation office as directed.

**Violation Number 9**  **Violation of Standard Condition**, by failing to answer truthfully all inquiries by the probation officer. On August 7, 2018 the defendant was questioned regarding the status of his driver's license and stated, that his license is now

2

|   |   |
|---|---|
| | valid, when in fact, evidence from the Driver And Vehicle Information Database indicates this to be false |
| **Violation Number 10** | **Violation of Special Condition**, by failing to participate in Moral Reconation Therapy. On or about June 5, 2018, the defendant failed to attend the Moral Reconation Therapy program, and to date has not satisfactorily participated in treatment as directed. |
| **Violation Number 11** | **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On September 13, 2018, the defendant submitted a urine specimen which tested positive for the presence of marijuana in our local laboratory; and subsequently was confirmed positive by Alere Toxicology Services, Inc. |
| **Violation Number 12** | **Violation of Standard Condition**, by failing to notify the probation office of any change in residence. On or about mid-August, the defendant moved from his/her approved residence of 1555 Doctor Martin Luther King Junior Blvd, Apt K205, and failed to notify the probation officer 72 hours as required. |

2. After consultation with his attorney, Defendant announced to this Court that he wished to admit Violation Numbers 1, 3, 5, 11 and 12 as set forth in the Petition. The government announced that it agreed to seek dismissal of the remaining violations alleged in the Petition (Violation Numbers (2, 4 and 6-10) at sentencing. This Court questioned Defendant on the record and made certain that he understood his rights in regards to an evidentiary hearing with respect to the alleged violations. Defendant acknowledged that he understood his rights and further understands that if this Court accepts his admission all that will remain as to Violation Numbers 1, 3, 5, 11 and 12 will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

3. The Government provided a factual proffer for Defendant's admissions. According to the Government, on or about December 12, 2017, Defendant committed the offense

3

of Driving while License Suspended, Revoked or Cancelled with Knowledge in violation of Florida Statute 322.34(2) in Palm Beach County (Violation Number 1). On April 25, 2018, Defendant entered into a plea agreement in Palm Beach County Case #2017CT022447AXX with respect to that charge. Defendant committed the same offense in Broward County on or about February 25, 2018 (Violation Number 3) and March 16, 2018 (Violation Number 5). Both cases are pending in Broward County. On September 13, 2018, Defendant submitted a urine specimen that tested positive for the presence of marijuana in Probation's local laboratory and was subsequently confirmed positive by Alere Toxicology Services, Inc. (Violation Number 11). In addition, in or around mid-August, Defendant moved from his approved residence and failed to notify his probation officer within 72 hours as required (Violation Number 12). Defendant agreed that the Government's proffer was true and correct, and that the Government could prove these facts against him were a hearing to be held in this matter. The Court has considered the Government's proffer, and finds that it sets forth a sufficient basis to support Defendant's admissions to Violation Numbers 1, 3, 5, 11 and 12.

    4. The possible maximum penalties faced by Defendant were read into the record by the government, and Defendant stated that he understood those penalties.

**ACCORDINGLY,** based upon the Defendant's admission to Violation Numbers 1, 3, 5, 11 and 12 of the Petition under oath, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to Violation Numbers 1, 3, 5, 11 and 12 and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter. The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Pursuant to Federal Rules of

Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 8th day of November, 2018.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE