UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-14036-CR-MARTINEZ/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEREMY ISIAH WILSON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON HEARING HELD ON JANUARY 7, 2019 ON SUPERSEDING PETITION

**THIS CAUSE** having come before the Court for an initial hearing on January 7, 2019 with respect to the Superseding Petition for Warrant or Summons for Offender under Supervision (the "Superseding Petition"), and this Court having convened a hearing, recommends to the District Court as follows:

1. Defendant appeared before this Court on January 7, 2019 for an initial hearing on the Superseding Petition, which alleges the following violations of supervised release:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about December 12, 2017, in Palm Beach County, Florida, the defendant committed the offense of Driving while D/L suspended, revoked, cancelled with knowledge, contrary to Florida Statute 322.34(2). |
| **Violation Number 2** | **Violation of Standard Condition**, by failing to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. On or about December 12, 2017, the defendant was issued a notice to appear by Officer Yacinthe of the Palm Beach Gardens Police Department, and he failed to advise the U.S. Probation Officer. |

**Violation Number 3**  **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about February 25, 2018, in Broward County, Florida, the defendant committed the offense of Driving while license suspended, revoked, or cancelled with knowledge, contrary to Florida Statute 322.34(2).

**Violation Number 4**  **Violation of Standard Condition**, by failing to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. On or about February 25, 2018, the defendant was issued a notice to appear by Deputy Halleran of the Broward County Sheriff's Office, and he failed to advise the U.S. Probation Officer.

**Violation Number 5**  **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about March 16, 2018, in Broward County, Florida, the defendant committed the offense of Driving while license suspended, revoked, or cancelled with knowledge, contrary to Florida Statute 322.34(2).

**Violation Number 6**  **Violation of Standard Condition**, by failing to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. On or about March 16, 2018, the defendant was issued a notice to appear by Deputy Cortes of the Broward County Sheriff's Office, and he failed to advise the U.S. Probation Officer.

**Violation Number 7**  **Violation of Standard Condition**, by failing to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. On or about April 24, 2018, the defendant was issued a citation by Deputy Mitchell of the Palm Beach County Sheriff's Office, and he failed to advise the U.S. Probation Officer.

**Violation Number 8**  **Violation of Standard Condition**, by failing to follow the instructions of the probation officer. On August 13, 2018, the defendant failed to report to the probation office as directed.

**Violation Number 9**  **Violation of Standard Condition**, by failing to answer truthfully all inquiries by the probation officer. On August 7, 2018 the defendant was questioned regarding the status of his driver's license and stated, that his license is now

valid, when in fact, evidence from the Driver And Vehicle Information Database indicates this to be false

**Violation Number 10**     **Violation of Special Condition**, by failing to participate in Moral Reconation Therapy. On or about June 5, 2018, the defendant failed to attend the Moral Reconation Therapy program, and to date has not satisfactorily participated in treatment as directed.

**Violation Number 11**     **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On September 13, 2018, the defendant submitted a urine specimen which tested positive for the presence of marijuana in our local laboratory; and subsequently was confirmed positive by Alere Toxicology Services, Inc.

**Violation Number 12**     **Violation of Standard Condition**, by failing to notify the probation office of any change in residence. On or about mid-August, the defendant moved from his/her approved residence of 1555 Doctor Martin Luther King Junior Blvd, Apt K205, and failed to notify the probation officer 72 hours as required.

**Violation Number 13**     **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On November 19, 2018, the defendant submitted a urine specimen which tested positive for the presence of cocaine in our local laboratory; and subsequently was confirmed positive by Alere Toxicology Services, Inc.

**Violation Number 14**     **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On December 3, 2018, the defendant submitted a urine specimen which tested positive for the presence of cocaine in our local laboratory; and subsequently was confirmed positive by Alere Toxicology Services, Inc.

**Violation Number 15**     **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On December 19, 2018, the defendant submitted a urine specimen which tested positive for the presence of marijuana in our local laboratory; and confirmation is pending.

2. This Court notes that Defendant admitted Violation Numbers 1, 3, 5, 11 and 12 before the undersigned on November 7, 2018 [D.E. 130]. At that hearing, the Government announced that it agreed to seek dismissal of Violation Numbers 2, 4, 6, 7, 8, 9 and 10 at sentencing. On November 8, 2018, this Court filed written report to the District Court recommending that the Defendant be found to have violated his supervised release in respect to Violation Numbers 1, 3, 5, 11 and 12 [D.E. 131]. The District Court adopted that Report and Recommendation on December 13, 2018 [D.E. 132]. A sentencing hearing is set for January 7, 2019 (this afternoon) at 1:00 pm.

3. On January 3, 2019, U.S. Probation requested a Superseding Petition based on additional violations of supervised release [D.E. 136]. The Superseding Petition was signed by the District Court on January 3, 2019. *Id.*[1] Defendant appeared before this Court for an initial hearing on the Superseding Petition and a bond revocation hearing on the morning of January 7, 2019. During that hearing, Defendant announced to this Court that he wished to admit Violation Numbers 13, 14 and 15 as set forth in the Superseding Petition. This Court questioned Defendant on the record and made certain that he understood his rights regarding an evidentiary hearing with respect to the alleged violations. Defendant acknowledged that he understood his rights and further understands that if this Court accepts his admission to Violation Numbers 13, 14 and 15 all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

4. The Government provided a factual proffer for Defendant's admissions. According to the Government, on November 19, 2018 Defendant submitted a urine specimen

---

[1] U.S. Probation also filed a Petition for an Order to Revoke Bond as to the Defendant, which was signed by this Court on January 2, 2019 [D.E. 134].

4

that tested positive for the presence of cocaine in Probation's local laboratory and was subsequently confirmed positive by Alere Toxicology Services, Inc. (Violation Number 13). On December 3, 2018 Defendant submitted a urine specimen that tested positive for the presence of cocaine in Probation's local laboratory and was subsequently confirmed positive by Alere Toxicology Services, Inc. (Violation Number 14). On December 19, 2018 Defendant submitted a urine specimen that tested positive for the presence of cocaine in Probation's local laboratory and that positive test has now been confirmed by Alere Toxicology Services, Inc. as well. (Violation Number 15). Defendant agreed that the Government's proffer was true and correct, and that the Government could prove these facts against him were a hearing to be held in this matter. The Court has considered the Government's proffer and finds that it sets forth a sufficient basis to support Defendant's admissions to Violation Numbers 13, 14 and 15.

5. The possible maximum penalties faced by Defendant were read into the record by the Government, and Defendant stated that he understood those penalties.

**ACCORDINGLY,** based upon the Defendant's admission to Violation Numbers 13, 14 and 15 of the Superseding Petition under oath, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to these violations. The Court notes that a sentencing hearing is currently set before the Honorable Jose E. Martinez for this afternoon at 1:00 pm. Both parties agreed on the record to waive the fourteen (14) day period for filing objections to this Report and Recommendation.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this ___7th___ day of January, 2019.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE